# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**TIMOTHY E. GIBSON,**

    **Petitioner,**

    -vs-                     Case No. 12-C-501

**LIZZIE TEGELS,**
**Warden of New Lisbon**
**Correctional Institution,**

    **Respondent.**

# DECISION AND ORDER

    The pro se Petitioner, Timothy E. Gibson ("Gibson"), filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On June 4, 2012, Gibson filed a letter regarding the grounds that he is raising in his petition. Gibson is currently in the custody of Respondent Lizzie Tegels ("Tegels") at the New Lisbon Correctional Institution for his November 5, 2008, conviction by the Circuit Court for Milwaukee County, Wisconsin. Gibson was convicted of two counts robbery with threat of force. (*See* Pet. 2.) Gibson states he is serving a 24-year sentence.

    Gibson has paid the $5.00 filing fee. This matter is now before the Court for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts.

    Rule Four states that after preliminary consideration by a district court judge,

> [i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

A valid application for a writ of a habeas corpus must allege that the petitioner is in custody pursuant to a state court judgment in violation of the Constitution. 28 U.S.C. § 2254(a). Additionally, the application must not be granted unless the applicant has exhausted his available remedies in state court or there is no existing fair corrective process under state law to protect the rights of the petitioner. *See* 28 U.S.C. § 2254(b)(1).

Gibson is in custody pursuant to the judgment he challenges. With respect to the exhaustion requirement, claims are exhausted when they have presented to the highest state court for a ruling on the merits or when no other state remedies exist. 28 U.S.C. § 2254(b)(1). Before a federal court may consider the merits of a petitioner's claims, the petitioner must give the state's highest court an opportunity to review each claim. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). In Wisconsin, this means that state prisoners who wish to present their claims in federal court must first present the operative facts and controlling legal principles of those claims to the Wisconsin Court of Appeals and then to the Wisconsin Supreme Court. *Moore v. Casperson*, 345 F.3d 474, 486 (7th Cir. 2003). Based upon Gibson's submissions, it appears that Gibson has exhausted all available state remedies as to the ground for relief he has stated in his petition.

-2-

Case 2:12-cv-00501-RTR    Filed 06/14/12    Page 2 of 4    Document 5

Gibson's petition lists three grounds for relief based on the trial court's actions at sentencing. These grounds are as follows: (1) the trial court improperly referred to matters personal to the court; (2) the trial court improperly referred to Gibson's age without explaining on the record how Gibson's life expectancy fit into the sentencing objectives; (3) the trial court violated due process by sentencing Gibson based on inaccurate information.

In his clarifying letter, filed June 4, 2012, Gibson states "the only thing I'm challenging is the "inaccurate information" at my sentencing. I took the inaccurate information [claim] step by step back to the court." Based on the foregoing, Gibson's petition is construed as raising a claim that he is in custody in violation of the Fourteenth Amendment due process clause because the trial court relied on inaccurate information at sentencing.

The ground presents an arguable constitutional violation which, if demonstrated, would entitle Gibson to federal habeas corpus relief. As such, summary dismissal under Rule 4 is inappropriate because it does not appear from the face of Gibson's petition, as clarified, that his claim is plainly meritless. Tegels will, therefore, be required to file an answer to the Fourteenth Amendment due process claim raised by Gibson's petition for a writ of habeas corpus.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

Tegels **MUST** file an answer to Gibson's petition **on or before August 15,**

-3-

**2012**; and

Such answer **MUST** comply with the requirements of Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts;

Dated at Milwaukee, Wisconsin, this 14th day of June, 2012.

**BY THE COURT**:

_____
**HON. RUDOLPH T. RANDA**
**U.S. District Judge**