# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

TIMOTHY E. GIBSON,

               Petitioner,

      -vs-                                                                               Case No. 12-C-501

LIZZIE TEGELS, Warden,
New Lisbon Correctional Institution,

               Respondent.

# DECISION AND ORDER

Timothy E. Gibson is serving a 24-year prison sentence after being convicted of two counts of robbery with threat of force. In this action under 28 U.S.C. § 2254, his sole claim is that he was sentenced on the basis of inaccurate information, which the Court construed as an arguable due process claim in its screening order.

In a short order, the Wisconsin Court of Appeals explained, considered, and rejected Gibson's argument:

> Gibson argues that the circuit court considered incorrect information at sentencing because it incorrectly believed it was sentencing Gibson for armed robbery, rather than robbery by threat of force. In response to Gibson's postconviction motion, the circuit court stated that it had an independent recollection of this sentencing, and that the court's references to armed robbery were 'misspeaking on my part.' The court stated: 'I knew then and I knew now . . . that the sentence that I gave this defendant was for two robberies.'

> Gibson argues that the court's postconviction statements are insufficient. He argues that 'the record belies' the court's claim of having misspoken. Gibson is essentially asking us to find the circuit court's postconviction comments not credible in light of the sentencing record. While there may indeed be cases where the original sentencing record is so unambiguous as to render a court's later comments not credible, this is not such a case. As the State points out, immediately after one of the

> court's references to armed robbery at sentencing, the court corrected itself by saying
> 'and it's not armed robbery, it's robbery only, because you didn't actually use a gun.'
> That statement, together with the court's postconviction decision, is a sufficient basis
> to reject Gibson's argument.

ECF No. 9-6, *State of Wis. v. Gibson*, 2010AP2894-CR (Wis. Ct. App. Jan. 9, 2012). This decision was not contrary to, or an unreasonable application of, clearly established Federal law, as determined by the United States Supreme Court. § 2254(d)(1). Nor was it based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. § 2254(d)(2).

Therefore, Gibson's petition is **DENIED**. The Court will not issue a certificate of appealability. Rule 11(a), Rules Governing Section 2254 Cases. The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 14th day of February, 2013.

**BY THE COURT:**

*[signature]*

**HON. RUDOLPH T. RANDA**
**U.S. District Judge**